### TOM POWERS v. THE STATE.

#### No. 5048.        Decided May 29, 1918.

**Local Option—Sufficiency of the Evidence—Withdrawal of Announcement.**
    Where, upon trial of a violation of the local option law, the defendant claimed, through his attorney, that after going into the case he was not prepared to meet the same as developed by the State, etc., but the record showed. on appeal a want of diligence on the part of defendant and his counsel, and that there was nothing to show that the statements of the witness were not true or anything which would be of any service to appellant and which would have authorized him to withdraw his announcement of ready for trial, there was no reversible error. Following White v. State, 40 Texas Crim. Rep., 366.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. J. F. Perritte.

Appeal from a violation of the local option law; penalty, a fine of seventy-five dollars and twenty days confinement in the county jail.

The opinion states the case

*Harris & Harris,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $75 and twenty days imprisonment in the county jail.

The evidence for the State justifies the verdict of the jury, showing the sale as alleged. This is denied by appellant. During the trial it was developed by the State's purchasing witness that he made two purchases from appellant of whisky, one at the house where appellant was living, and the other at a different time on a creek somewhere in the town of Nacogdoches. On cross-examination of the State's witness appellant's attorney asked him questions with reference to a conversation occurring between counsel and State's witness, laying a predicate for impeachment. This was admitted by the State's witness in part and denied in part. A statement of these matters is not thought necessary further than will be observed later. This shows that defendant at this juncture, through his counsel, offered to withdraw his announcement of ready for trial for the reason that he was not prepared to meet the case testified by State's witness. It is narrated in the bill that defendant's attorney talked with State's witness before the case was called for trial; that at five minutes after 12 o'clock on the day of the trial, which took

place at 1 o'clock p. m., defendant's attorney had talked to the State's witness and ascertained from him, as the attorney states, that the sale was November 15th at the house where appellant was living or boarding with the woman Harriet Taylor; that he stated to counsel that he had bought no other whisky from the defendant except that which was bought in this house and paid for at the time. That State's witness took the stand at five minutes after 1 o'clock and testified to a different transaction than that which he mentioned to appellant's counsel, which was the first intimation said attorney had that State's witness would testify as he did with reference to the transaction at the branch or creek and not at the house. The bill further recites that counsel stated to the court that he was not prepared to meet the State's case as developed; that he had brought his witnesses to meet the other transaction; that he was not aware of the fact that prosecuting witness would testify with reference to a sale of whisky on the creek or branch, and that he had no opportunity to meet the development with reference to the transaction on the creek. The court signs this bill with this statement: "Reference is made to the statement of facts as to the facts or matter complained of in this bill; also record shows case filed more than a year ago." There was no application made otherwise for a continuance than that stated. This was not sworn to by appellant, nor does he ask for a postponement, or state that he was surprised by this testimony. The attorney's statement comprises the whole matter with reference to the question of surprise. There is nothing in the record to indicate appellant could secure testimony, or that there were witnesses whom he could secure to show that the sale mentioned did not occur. The motion to withdraw the announcement was based on the fact that counsel was surprised at the witness testifying to the transaction on the creek. There was nothing stated or shown which indicated that the statements were not true, and no fact mentioned which would be of any service to appellant. We do not mention the contradictions between the witness and counsel, believing that the showing is not sufficient to have entitled appellant to withdraw his announcement, and postpone or continue the case. This question is not a novel one. The authorities will be found collated in Vernon's Ann. C. C. P., in notes under art. 616; see, also, White v. State, 40 Texas Crim. Rep., 366. As this record presents itself we are of opinion that the court did not err in refusing to permit the withdrawal of the announcement as requested by appellant's counsel.

The judgment will be affirmed.

*Affirmed.*