## S. G. NEWSOME v. THE STATE.

### No. 10028.    Delivered November 26, 1926.

**1.—Possessing Intoxicating Liquor—Evidence—Motion to Suppress—Not Proper Practice.**

Where, on a trial for possessing intoxicating liquor, appellant, before announcing ready for trial, moved the court to suppress all of the testimony relative to finding whiskey in appellant's garden, because the witnesses did not have a search warrant, the trial court properly overruled said motion. The objection to the testimony should have been presented when same was offered, and not by a motion to suppress.

**2.—Same—Continuance—On Ground of Surprise—Properly Refused.**

Where, on a trial for possessing intoxicating liquor, the state introduced a witness named Skinner, who had not been subpoenaed as a witness, and who testified as to damaging facts, appellant's motion to continue his case, on the ground of surprise at the testimony of this witness, was properly refused, the appellant in his own testimony having disclosed that he not only knew said witness might testify to damaging facts against him, but had offered said witness $75.00 to induce him to refuse to testify. Nor did appellant, in his motion to continue, show that he had been injured by the testimony of said witness. See Shanklin v. State, 68 Tex. Crim. Rep. 417, and other cases cited.

**3.—Same—Sentence—Reformed, and Judgment Affirmed.**

The sentence in this case is for "—— years" in the penitentiary and same is now reformed to read that appellant shall be confined in the state penitentiary for a term of not less than one, nor more than three years, and the judgment is affirmed.

Appeal from the District Court of Upshur County.  Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for possessing intoxicating liquor, for the purpose of sale, penalty three years in the penitentiary.

The opinion states the case.

*M. B. Briggs* and *C. E. Florence* of Gilmer, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Upshur County for the unlawful possession of intoxicating liquor, and his punishment assessed at three years in the penitentiary.

The indictment in this case charges that on or about the 15th day of October, 1924, the appellant unlawfully possessed intoxicating liquor for the purpose of sale. The state, in developing

its case in chief, introduced the witnesses, Collier and Potter, who testified to having found, on the date alleged in the indictment, a gallon of whiskey in appellant's garden. The state also introduced in evidence the testimony of Jim Skinner to the effect that in the summer of 1924, and during the fruit season of said year, he bought intoxicating liquor from appellant at his store, and thereafter bought a gallon of whiskey from him at his home. After the evidence had been concluded, the court withdrew from the jury all of the evidence pertaining to the finding of the whiskey in appellant's garden and confined the jury to the consideration of the alleged transaction testified to by the witness, Skinner.

In bills of exception 1, 2 and 3 the appellant complains of the action of the court in admitting the testimony of the witnesses, Collier and Potter. Before announcing ready for trial, the appellant moved the court to suppress all of the testimony relative to finding said whiskey in appellant's garden because said witnesses did not have a search warrant authorizing them to search the premises, which motion was by the court overruled. This court has repeatedly held that such a motion was not available, and that the proper procedure was to object to such testimony when offered. The appellant objected to this testimony, when offered, upon the same grounds set out in bills of exception 2 and 3, supra. The court overruled the objection and permitted the testimony to go to the jury. However, because of the withdrawal of the testimony on this issue from the jury in the court's charge, these questions pass out of the case.

When the witness, Skinner, testified for the state to the purchase of whiskey from the appellant in the summer of 1924 and thereafter, the appellant objected to said testimony upon the grounds that it was an attempt to prove extraneous offenses other than that alleged in the indictment, and same was prejudicial to the appellant. The court overruled said objections, and when he presented his charge withdrawing the testimony relative to the finding of the whiskey in appellant's garden and submitting for the consideration of the jury the possession of the whiskey testified to by the witness, Skinner, the appellant moved the court to withdraw his announcement of ready for trial and continue the case on the ground of surprise, because the state had not called the witness, Skinner, in calling the other state's witnesses, before announcing ready for trial, and his testimony involved a transaction which occurred on a date different from that alleged in the indictment, and the appellant was not prepared to meet the issues raised by said testimony. The appel-

lant contends that the action of the court in refusing to permit him to withdraw his announcement and continue the case, was reversible error.  We are unable to agree with this contention. The motion fails to state or show any witness from whom, or facts by which, the appellant expected to obtain testimony to refute or contradict the testimony of the witness, Skinner, and fails to show in any manner that by continuing the case the appellant could have combatted said testimony.  Before this court would be authorized to interfere with the ruling of the trial court on the motion, it would be necessary for the appellant to show that he could produce testimony to contradict that of the witness, Skinner, or that he had been injured in some way, and that the trial court, in overruling said motion, abused his discretion.  Shanklin v. State, .68 Tex. Crim. Rep. 417, 152 S. W. 1053; Powers v. State, 83 Tex. Crim. Rep. 462, 204 S. W. 325; Welk v. State, 99 Tex. Crim. Rep. 235, 265 S. W. 914.  Also see Vernon's 1925 C. C. P., Vol. 1, p. 472, for .collation of other authorities to the same effect.

We might further state that on cross-examination the appellant testified that he had ·heard that the witness, Skinner, had made a statement before the court "and knowed something on me;" and that a short time before court convened he went to Louisiana and there interviewed Skinner and sought to have him sign a written statement as to what kind of man he, appellant, was and recommending him.  The witness, Skinner, testified to the effect that said statement presented to him by the appellant was a recommendation of the appellant's character, and was to the further effect that he, the witness, knew nothing about the appellant making, selling or drinking whiskey.  The witness further testified that the appellant offered him $75 not to appear in court.  We think this testimony clearly refutes the idea of the appellant being surprised by the testimony of the witness, Skinner.

The sentence in this case is for "— years" in the penitentiary, and is now reformed to be not less than one nor more than three years in the penitentiary.

We have carefully examined all of the questions raised by the appellant, and finding no error in the record, the judgment of the trial court is reformed and affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.